# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                                                   Criminal Action No. 2:13cr24

**LEONARDO RAMOS RODRIGUEZ,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Leonardo Ramos Rodriguez, in person and by counsel, Katy Cimino, appeared before me on September 19, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts Four and Six of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the

Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Leonardo Ramos Rodriguez, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Counts Four and Six of the Indictment and the elements the government would have to prove, charging him with aiding and abetting in the distribution of oxycodone and possession of a firearm by a prohibited person. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts Four and Six of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Four was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be

imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant understood the maximum sentence which could be imposed upon his conviction or adjudication of Guilty on Count Six was imprisonment for a term of not more than ten (10) years; a fine of $250,000; or both fine and imprisonment; a term of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood the Court could impose the sentences to run consecutively.

Defendant also understood that his sentence could be increased if he had prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights and the agreement that he will retain his appellate and collateral attack rights only with respect to the denial of his motion to suppress evidence as follows:

Ct: Did you and Ms. Cimino discuss and do you understand from that discussion that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals provided you give notice of appeal within 14 days of your sentencing?

Def: Yes.

Ct: Did you and Ms. Cimino discuss and do you understand from that discussion that you may collaterally attack or challenge your sentence and how it is being carried out by filing a motion under 28 USC section 2255?

Def: Yes, sir.

Ct: Under paragraph 13 of your written plea agreement, do you understand that if the district judge imposes an actual sentence which is equal to, consistent with or the same as a guideline sentence with a total offense level of 16 or below, then you give up – waive your right to appeal your conviction.

Def: Yes, sir.

Ct: You also give up your right to challenge your sentence and the manner in which it was determined by collateral attack, including a motion filed under 28 USC section 2255. Is that correct?

Def: Yes.

Ct: Did you understand you were giving up those valuable rights under that condition by signing the agreement with paragraphs 13 and 14 in it?

Def: Yes.

Ct: And you intended to give up those rights conditioned on that condition of total offense level of 16 or lower by signing the agreement. Is that correct?

Def: Yes.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part

4

of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Counts Four and Six of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts Four and Six of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each

5

acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons. Finally, he understood that, even if the District Judge recommended he be admitted to the RDAP program, there is no guarantee the Bureau of Prisons will admit him to the program.

Thereupon, Defendant, Leonardo Ramos Rodriguez, with the consent of his counsel, Katy J. Cimino, proceeded to enter verbal pleas of **GUILTY** to the felony charges in Counts Four and Six of the Indictment.

The Court heard the testimony of Corporal Kessel of the West Virginia State Police Bureau of Criminal Investigations and Special Agent Steven Austin of Homeland Security Investigations. Cpl. Kessel testified regarding Count Four of the Indictment. On July 18, 2012, officers in Grant County, West Virginia, made a purchase of oxycodone from Defendant utilizing a Confidential Informant ("CI"). The CI went to Defendant's residence and talked to Defendant about purchasing two Percocets (oxycodone). Defendant said he did not have any at the time, and called someone to bring some over to his residence in Petersburg, Grant County. Co-defendant Megan Rohrbaugh arrived shortly after and put two tablets in the CI's hand in exchange for $80.00. The transaction

took place in Defendant's residence, and was recorded. Laboratory testing indicated the two tablets were oxycodone.

Special Agent Austin testified that on October 3, 2012, Defendant's probation officer from a previous State conviction performed a search of Defendant's residence in Petersburg, Grant County, West Virginia. When the probation officer approached Defendant's bedroom, Defendant advised him there was a gun in there. The officer then saw a 9mm handgun in plain view in an open bag in the bedroom. SA Austin investigated and determined that Defendant had two convictions in Puerto Rico. He received certified copies of the conviction orders. ATF Special Agent Lockhart went to the Grant County Sheriff's office and determined the gun was functioning and was not manufactured in West Virginia, and therefore was involved in interstate commerce.

Defendant stated he heard, understood, and did not disagree with either witness's testimony. The undersigned United States Magistrate Judge concludes the offenses charged Counts Four and Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Cpl. Kessel and SA Austin. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Counts Four and Six of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for each count; Defendant understood the sentences could be imposed to run consecutively; Defendant

7

made a knowing and voluntary plea of guilty to Counts Four and Six of the Indictment; and Defendant's plea is independently supported by the testimony of Cpl. Kessel and SA Austin which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's pleas of guilty to Counts Four and Six of the Indictment and recommends he be adjudged guilty on said charges as contained in Counts Four and Six of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: 20 September 2013.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE